UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEAN GIBSON,

    Plaintiff,

v.                                            Case No: 8:20-cv-2992-KKM-SPF

CHRISTOPHER NOCCO et al.,

    Defendants.
_____

## ORDER

Sean Gibson, along with many other plaintiffs, joined a suit alleging Defendants were engaged in racketeering. *See Squitieri v. Nocco*, 8:19-cv-906. The Court severed that action, requiring Gibson to pursue his claims separately from the other plaintiffs. As such, Gibson initiated the instant action, ultimately bringing racketeering and constitutional claims. (Doc. 15.) The Court dismissed his Amended Complaint with prejudice. (Doc. 26.) Defendants then moved for sanctions against Gibson and Gibson's attorneys under 28 U.S.C. § 1927, 42 U.S.C. § 1988, and this Court's inherent authority. (Doc. 28.) For the reasons stated in this Court's recent order in *Squitieri*, the Court grants-in-part Defendants' motion. 8:19-cv-906 (Doc. 226). The Court concluded that the conduct of Gibson's counsel in filing his Amended Complaint, an egregious shotgun pleading,

unreasonably and vexatiously multiplied the proceedings. As such, Gibson's attorneys are liable for the "excess costs, expenses, and attorneys' fees reasonably incurred" by Defendants in responding to Gibson's Amended Complaint. § 1927. Further, the Court concluded that Gibson's § 1983 claim was objectively frivolous, rendering him liable for the attorney's fees Defendants reasonably incurred defending against the § 1983 claim. But the Court did not find any subjective bad faith from Gibson or his counsel, and thus sanctions under this Court's inherent authority are not warranted.

Accordingly, the following is **ORDERED**:

1. Defendants' Motion on Entitlement to Attorneys' Fees is **GRANTED-IN-PART**. (Doc. 28.) Specifically, Gibson's counsel, John McGuire and Luke Lirot, are jointly and severally liable for the attorney's fees Defendants reasonably incurred responding to Gibson's Amended Complaint. Gibson is jointly and severally liable with his attorneys for the attorney's fees Defendants reasonably incurred responding to his § 1983 claim.

2. The Court **DIRECTS** Defendants under Local Rule 7.01(c) to file a Supplemental Motion on Amount within forty-five days of this Order.

2

**ORDERED** in Tampa, Florida, on April 18, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge